IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VIVI ANN ROSE-VELASQUEZ,<br><br>　　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES<br><br><br><br><br><br><br><br>Case No. 2:06-CV-297 TS |

　　　This matter is before the Court on Plaintiff's Motion for EAJA Attorney's Fees. The Court finds that oral argument on the Motion would not materially assist the Court in determining the issues contained in the Motion. For the reasons stated below, the Court will grant the Motion in part.

　　　Plaintiff initiated this action seeking judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits. The Court ordered a remand of this case to an administrative law judge of the Social Security Administration. Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]

---

　　　[1] 28 U.S.C. § 2412(d).

1

Defendant opposes Plaintiff's Motion on three grounds. First, Defendant objects to the hourly rate suggested by Plaintiff. Second, Defendant suggests that the hourly rate should be reduced because Plaintiff's briefs were written by an attorney who is not licenced to practice in Utah and was not admitted pro hac vice. Third, Defendant argues that any attorney's fees should be made payable to Plaintiff, not her counsel. The Court notes that Defendant does not dispute Plaintiff's arguments that she is a prevailing party and that the position of the United States was not substantially justified. The Court will address each of Defendant's arguments in turn.

Plaintiff originally argued that the appropriate rate here was $168.62 per hour. Defendant argues that the appropriate rate is $163.37. Plaintiff has no objection to this lower rate. Therefore, the Court will apply the rate of $163.37 to the number of hours spent.

Defendant also argues that the hourly rate should be reduced because Plaintiff's briefs were written by an individual who is not licensed to practice in Utah and was not admitted pro hac vice. Defendant does not suggest what rate should be applied.

In *Sandoval v. Apfel*,[2] the Northern District of Texas addressed an issue remarkably similar to the one before the Court. In that case, the plaintiff's attorney (Weisbrod) outsourced part of the legal services performed for the plaintiff to another attorney (Bohr).[3] Bohr did not enter an appearance in the case, was not admitted to practice in Texas or in the Northern District of Texas, and did not seek leave to appear pro hac vice.[4] Bohr was, however, licensed to practice

---

[2] 86 F.Supp. 2d 601 (N.D. Tex. 2000).

[3] *Id*. at 603.

[4] *Id*.

in other states and had been admitted in various district and circuit courts.[5] Bohr assisted in preparing the briefs filed in the plaintiff's case.[6] Bohr had specialized in the practice of social security law for more than 19 years.[7] The plaintiff's counsel determined that, in light of Bohr's extensive experience and expertise, it was more efficient to use Bohr's services than to perform all of the briefing himself.[8] The Commissioner of the Social Security Administration argued that Bohr should not be compensated under the EAJA.[9]

The court, in a thorough and well-reasoned opinion, rejected the Commissioner's argument.[10] The court found that the attorney-client relationship existed between the plaintiff and Weisbrod and that Bohr was correctly viewed as an attorney acting under Weisbrod's supervision.[11] The court further noted that there was nothing in the court's rules that would prevent an attorney of record who is admitted to practice in the court from contracting with another attorney who is not admitted to practice in the court to provide briefing services.[12] The court further found that there was no evidence that Weisbrod had violated a professional standard

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 604.

[10] *Id.* at 604–611.

[11] *Id.* at 606.

[12] *Id.*

or that Bohr engaged in the unauthorized practice of law.[13]  For these reasons, the court held that the services that Bohr provided should be compensated.

The Court reaches the same conclusion here.  Plaintiff's attorney (Roylance), who is licensed in the state of Utah and is admitted to practice before this Court, retained the services of another attorney (Brandt) who is not licensed in Utah and is not admitted to practice before the Court, to assist in the preparation of the briefs.  Roylance is counsel of record for Plaintiff and has remained as such throughout this litigation.  The attorney-client relationship existed, at all times, between Plaintiff and Roylance.  Defendant has not cited any local rule which would require Brandt's appearance in this case.[14]  Nor has Defendant cited any professional standard that either Roylance or Brandt have violated.[15]  Thus, like in *Sandoval*, the Court finds that both Roylance and Brandt should be compensated for the services they have provided.

Additionally, Defendant argues that the attorney's fees should be distributed to Plaintiff, not her counsel.  Plaintiff argues that payment to counsel directly is appropriate.  Inexplicably, neither party directs this Court's attention to recent Tenth Circuit case law which is directly on point.  The Tenth Circuit in *Manning v. Astrue*,[16] held, based on statutory language, legislative history, and case law, that the attorney's fees award under the EAJA is to the prevailing party and

---

[13]*Id*. at 607.

[14]DUCivR 83-1.1(a) applies to attorneys who wish to practice in this court.

[15]Rule 5.5(a) of the Utah Rules of Professional Conduct prohibits the unauthorized practice of law, but Rule 5.5(c)(1) provides that a lawyer admitted in another United States jurisdiction may provide legal services on a temporary basis in Utah if those services are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

[16]510 F.3d 1246 (10th Cir. 2007).

not to that party's attorney.[17]  Thus, Defendant is correct that any award of attorney's fees should be paid directly to Plaintiff, not her counsel.

As a final note, Plaintiff seeks additional fees which were incurred as a result of this dispute over the proper fees.  The Court finds that such an award is appropriate pursuant to *Commissioner v. Jean*.[18]  However, Plaintiff has failed to provide the information required to obtain such an award.[19]  Therefore, the Court will deny Plaintiff's request for additional fees at this time.  Plaintiff may renew her request on this ground with an appropriate filing.

It is therefore

ORDERED that Plaintiff's Motion for EAJA Attorney's Fees (Docket No. 19) is GRANTED IN PART.  The Court awards Plaintiff $6,485.78 in attorney's fees, which are directly payable to her, not her counsel.  It is further

ORDERED that the hearing set for April 25, 2008, is STRICKEN.

DATED   April 16, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*Id*. at 1249–55.

[18]496 U.S. 154, 160 (1990).

[19]*See* 28 U.S.C. § 2412(d)(1)(B) (stating that party seeking an award of fees shall submit to the court an application which shows "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.").